■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARMINE FRANZESE, Appellant.— Appeal by defendant from a judgment of the County Court, Kings County, rendered June 5, 1961, after trial upon a jury verdict, convicting him of criminal contempt of court, and imposing sentence. Judgment reversed on the law and new trial ordered. We have considered the facts; we affirm the findings of fact implicit in the jury's verdict; and we would affirm the conviction if we did not reverse on the law. The indictment charged that when the defendant appeared before the Grand Jury as a witness, he refused to answer a certain question on the ground that his answer might tend to incriminate him, and he persisted in such refusal notwithstanding the direction by the Grand Jury that he answer the question. It was established at the

trial that the Grand Jury, in connection with said direction to defendant, had offered him immunity and had given him a three-week interval to consult counsel. Defendant did not testify at the trial and produced no evidence in his defense. In our opinion, the prosecutor's statements in his summation to the jury: (a) that the defendant told the Grand Jury that if he answered their questions his answers would be admissions that he had committed a crime, and (b) that " the Grand Jury knows they are dealing with a man who is in crime, who is a criminal," deprived defendant of a fair trial. We also believe that the trial court's instruction to the jury that, as a matter of law, defendant "had no legal right whatsoever to refuse to answer that question," was erroneous. Defendant was not required to answer the question unless, in connection with the grant of immunity, he was "fully and fairly informed as to the extent of the protection afforded by" section 2447 of the Penal Law (*People* v. *Brayer,* 6 A D 2d 437, 440), and unless he had knowledge of the granting of immunity (*People* v. *Riela,* 14 Misc 2d 213, 218–220, affd. 9 A D 2d 481, revd. on another ground 7 N Y 2d 571). Whether he was so informed and whether he had such knowledge were questions of fact for determination by the jury. Christ, Hill and Hopkins, JJ., concur; Beldock, P. J., and Ughetta, J., dissent and vote to affirm the judgment, with the following memorandum: In our opinion, the charge when considered in its entirety was free from error. But even if it be assumed that there was some error in the charge or in the summation and that such error was not adequately corrected before the case was finally submitted to the jury, nevertheless, under all the circumstances here, we believe that such error did not affect any substantial right of the defendant and should be disregarded (Code Crim. Pro., § 542).